## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SONIA LESLIE,

      PLAINTIFF

  -vs-                                  Case No.

                                    HON.

CITY OF DETROIT,
a municipal corporation,
DETROIT TRANSPORTATION CORPORATION,
a public corporation,
DETROIT TRANSIT POLICE OFFICER MICHAEL ANDERSON,
DETROIT TRANSIT POLICE OFFICER NICOLE RIDEAUX,
and other UKNOWN OFFICERS
Individually, and in their official capacities,
Jointly and Severally,

      DEFENDANTS                JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
240 Daines St.
Birmingham, MI 48009
(248) 549-8555
benavideslaw@att.net

### FIRST AMENDED COMPLAINT AND JURY DEMAND

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

    **NOW COMES** the PLAINTIFF, Sonia Leslie, by and through her attorney,

**MARCEL S. BENAVIDES**, and for her complaint against Defendant CITY OF

DETROIT ("DEFENDANT CITY OF DETROIT"), Defendant DETROIT TRANSPORTATION CORPORATION ("DEFENDANT DETROIT TRANSPORTATION CORPORATION") and individually against Detroit Transportation Officers, MICHAEL ANDERSON ("DEFENDANT OFFICER ANDERSON") AND NICOLE RIDEAUX (DEFENDANT OFFICER RIDEAUX) and other UKNOWN OFFICERS, (individual officers collectively referred to as "DEFENDANT OFFICERS") state as follows:

## JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of PLAINTIFF's rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3.      Venue is proper under 28 U.S.C. § 1391 (b) as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

4.      PLAINTIFF is currently a resident of the County of Washtenaw, State of Michigan.

5.      That DEFENDANT CITY OF DETROIT is a municipal corporation located in the City of Detroit, County of Wayne and State of Michigan.

6.     That      DEFENDANT      DETROIT      TRANSPORTATION

CORPORATION is a Michigan public corporation pursuant to the provisions of

Act 7 of the Public Acts of 1967 and organized under the laws of the State of

Michigan and conducts business in the City of Detroit, County of Wayne and State

of Michigan.

7.     DEFENDANT CITY OF DETROIT created, controls, operates, funds

and appoints the majority of the board of directors for DEFENDANT DETROIT

TRANSPORTATION    CORPORATION    whereby    making    DEFENDANT

DETROIT TRANSPORTATION CORPORATION a willful participant in joint

activity with DEFENDANT CITY OF DETROIT.

8.     DEFENDANT OFFICER ANDERSON was at all relevant times, a

DEFENDANT DETROIT TRANSPORTATION CORPORATION police officer,

and/or   agent,   and/or   employed   by   DEFENDANT   DETROIT

TRANSPORTATION CORPORATION and DEFENDANT CITY OF DETROIT,

acting under color of law and within the scope of his employment.

9.     DEFENDANT OFFICER RIDEAUX was at all relevant times, a

DEFENDANT DETROIT TRANSPORTATION CORPORATION police officer,

and/or   agent,   and/or   employed   by   DEFENDANT   DETROIT

TRANSPORTATION CORPORATION and DEFENDANT CITY OF DETROIT,

acting under color of law and within the scope of her employment.

10.   DEFENDANT UNKNOWN OFFICERS, on information and belief, were at all relevant times, DEFENDANT DETROIT TRANSPORTATION CORPORATION officers, agents and/or employed by DEFENDANT DETROIT TRANSPORTATION CORPORATION and DEFENDANT CITY OF DETROIT, acting under color of law and within the scope of his/her employment.

11.   That DEFENDANT CITY OF DETROIT AND DEFENDANT TRANSPORTATION CORPORATION are liable under state and/or federal law for all injuries proximately caused by:

a.   Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

12.   On or about January 22, 2014, PLAINTIFF was 58 years old and lawfully at the Rosa Parks Transit Center in the City of Detroit, County of Wayne, State of Michigan, lawfully waiting for her bus to take her to an appointment.

13.   PLAINTIFF inquired of an unknown Detroit Transportation Corporation desk agent of the approximate arrival time of the next bus for her planned route. PLAINTIFF was told to check the wall schedule for the arrival time

of the bus. Unfortunately, the wall schedule was not updated and did not display the requested bus' arrival time. PLAINTIFF told the unknown agent that the requested bus arrival time was not listed to which she was ridiculed.

14.     After being spoken to in an impolite manner by the desk agent and offering no further assistance in obtaining information on when the next bus would arrive, PLAINTIFF began to walk away and stated to the unknown desk agent that she should offer better customer service.  PLAINTIFF was rudely yelled at by the unknown desk agent at which time PLAINTIFF left the building to see if she could see if her bus was approaching.

15.     Due to the extremely cold weather, PLAINTIFF went back into the bus station and sat down to wait for the next bus. PLAINTIFF noticed that the unknown desk agent was now speaking to two police officers, later determined to be DEFENDANT OFFICER ANDERSON and DEFENDANT OFFICER RIDEAUX.

16.     PLAINTIFF was lawfully seated in the waiting area and was approached by DEFENDANT OFFICERS who questioned her purpose in being at the bus station. PLAINTIFF kindly explained that she was waiting for the next bus to arrive to take her to her appointment.

17.     PLAINTIFF was told that it was impermissible to harass bus station employees. PLAINTIFF adamantly denied harassing any employee, stating it was

a lie, further explained that she had merely inquired about the schedule of the bus and that the unknown desk agent was being extremely rude when she was told by PLAINTIFF that she should offer better customer assistance.

18.     DEFENDANT OFFICERS told PLAINTIFF that that she should wait for her bus outside of the terminal in the freezing cold. PLAINTIFF explained that no reason existed for her to be forced to wait on the bus platform in the cold for her bus when the unknown desk agent was the culprit of disturbing the peace.

19.     DEFENDANT OFFICER RIDEAUX then forcefully grabbed PLAINTIFF by the arm and picked her up off the seat of the chair where she was sitting and spoke to her in a very angry tone. PLAINTIFF'S arm hurt and she was in pain due to the unlawful and forceful touching by DEFENDANT OFFICER RIDEAUX.

20.     As PLAINTIFF was being the victim of unlawful police tactics and aggressively lifted out of her seat by DEFENDANT OFFICERS, PLAINTIFF explained that all she wanted to do was to wait for her bus and that she was being hurt by the DEFENDANT OFFICERS' unlawful touching.

21.     As PLAINTIFF stood talking to DEFENDANT OFFICER RIDEAUX, DEFENDANT OFFICER ANDERSON unlawfully came up from behind PLAINTIFF and forcefully pushed and/or tackled PLAINTIFF down to the ground face first.

22.    PLAINTIFF struck her face onto the cement floor causing her forehead to bounce off the ground causing a laceration to her head resulting in great pain and injury. PLAINTIFF'S glasses were broken when she hit the cement floor.

23.    As PLAINTIFF lay on the cement floor in pain bleeding from her forehead, DEFENDANT OFFICERS then utilized unlawful beating tactics and manipulated PLAINTIFF'S arms in an aggressive manner to handcuff her.

24.    DEFENDANT OFFICER ANDERSON then stood over PLAINTIFF and picked PLAINTIFF up off the ground solely by her handcuffed arms causing great pain and injury to her arms and shoulders.

25.    PLAINTIFF never resisted or opposed DEFENDANT OFFICERS while she interacted with them.

26.    At all relevant times, PLAINTIFF fully complied with DEFENDANT OFFICERS' unlawful and/or unreasonable seizure tactics and commands.

27.    DEFENDANT OFFICERS used excessive force on PLAINTIFF.

28.    DEFENDANT OFFICER ANDERSON observed DEFENDANT OFFICER RIDEUX'S excessive use of force and failed to intervene.

29.    DEFENDANT OFFICER RIDEAUX observed DEFENDANT OFFICER ANDERSON'S excessive use of force and failed to intervene.

30.     That DEFENDANT OFFICERS used excessive force on PLAINTIFF as described above before and while PLAINTIFF was handcuffed, including but not limited to being subject to gratuitous unlawful force.

31.     To cover up their wrong doing DEFENDANT OFFICERS caused PLAINTIFF to be falsely charged and prosecuted for the State of Michigan crime of Assault or Assault and Battery.

32.      As a result of the excessive force, PLAINTIFF suffered severe pain and suffering.

33.     PLAINTIFF suffered and continues to suffer severe physical pain and mental distress from the physical trauma due to the excessive force that she received and the false proceedings that she underwent due to the lies of the DEFENDANT OFFICERS.

34.     That due to the unlawful beating by DEFENDANT OFFICERS, PLAINTIFF was transported to Detroit Receiving Hospital for medical treatment.

35.     As a result of DEFENDANT OFFICERS' unlawful conduct and extreme excessive force, PLAINTIFF has been diagnosed and suffers from head trauma and received approximately 9 sutures to close the laceration on her forehead due to her head bouncing off the cement floor.

36.    DEFENDANT OFFICERS created false and misleading police reports and gave false accounts to an Assistant Prosecuting Attorney regarding the circumstances surrounding PLAINTIFF'S arrest and the cause of injuries.

37.    During the criminal prosecution, DEFENDANT OFFICERS withheld and/or destroyed documents and other evidence material to PLAINTIFF'S defense, upon information and belief, including eyewitness statements, incident forms, non-lethal use of force forms and audio recordings and video recordings from the bus terminal and/or officer in-car or body audio/video recordings

38.    On or about February 18, 2016, the district court judge dismissed all of the criminal charges against PLAINTIFF and the criminal case was closed.

39.    PLAINTIFF suffered and continues to suffer severe physical pain and mental distress from the physical trauma due to the beating she received.

40.    PLAINTIFF suffered and continues to suffer from mental distress due to the false claims claimed against her.

## COUNT I: §1983 EXCESSIVE FORCE

41.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

42.    As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT OFFICERS was objectively unreasonable and

constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

43.    Upon information and belief, DEFENDANT OFFICERS were aware of the misconduct of his/her fellow officer(s) with respect to PLAINTIFF, had a reasonable opportunity to intervene to prevent it, but failed to do so.

44.    As a direct and proximate result of DEFENDANT OFFICERS use of excessive force, PLAINTIFF suffered injuries and damages not limited to physical injuries about her body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT VII: §1983 FALSE ARREST/ FALSE IMPRISONMENT

45.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

46.    That DEFENDANT OFFICERS caused the arrest and/or imprisonment of PLAINTIFF without any legal justification and/or probable cause.

47.    That DEFENDANT OFFICERS caused PLAINTIFF to be held against her will and/or imprisoned without any legal justification and/or probable cause contrary to the 4th Amendment.

48.    That DEFENDANT OFFICERS restricted PLAINTIFF'S liberties against her will.

49.    That DEFENDANT OFFICERS' actions were without legal justification and/or probable cause.

50.    As a direct and proximate result of Defendants' aforementioned conduct, PLAINTIFF suffered injuries and damages not limited to physical injuries about her body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney's fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT III: DUE PROCESS CLAIM

51.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

52.    As described in the preceding paragraphs, DEFENDANT OFFICERS deprived PLAINTIFF of due process by withholding material exculpatory evidence in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

53.    As a direct and proximate result of DEFENDANT OFFICERS misconduct, PLAINTIFF suffered injuries and damages not limited to damages as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT IV: §1983 CONSPIRACY

54.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

55.     DEFENDANT OFFICERS impliedly or expressly conspired and agreed to violate PLAINTIFF'S Fourth and Fourteenth Amendments Constitutional rights and to cover up their own and each others' misconduct, acting in furtherance of this conspiracy as more fully described above.

56.     As a direct and proximate result of DEFENDANT OFFICERS' conspiracy, PLAINTIFF suffered injuries and damages not limited to physical injuries about his body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT V: §1983 MALICIOUS PROSECUTION

57.     PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

58.     As more fully described above, DEFENDANT OFFICERS initiated criminal proceedings against PLAINTIFF and/or caused the criminal proceedings

to continue against her, without probable cause to believe she had committed a crime.

59.    With    malice,    willfulness,    and/or    reckless    indifference    to PLAINTIFF'S rights, DEFENDANT OFFICERS created false and/or inaccurate police reports, including charging PLAINTIFF with Assault and Assault and Battery.

60.    In addition, DEFENDANT OFFICERS created false reports and/or gave false accounts regarding their investigation to other police officers and/or judicial officers and/or assistant prosecutors and/or fabricated evidence.

61.    The criminal proceedings against PLAINTIFF were terminated in her favor, in a manner indicative of innocence.

62.    As a direct and proximate result of DEFENDANT OFFICERS' malicious prosecution, PLAINTIFF suffered financial and emotional damages for having to defend herself against the false charges placed against her

63.    DEFENDANT OFFICERS' actions were the direct and proximate cause of PLAINTIFF'S malicious prosecution, which violated her Fourth Amendment rights.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per

Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## **COUNT VI:  STATE LAW MALICIOUS PROSECUTION**

64.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

65.    As more fully described above, DEFENDANT OFFICERS willfully and wantonly initiated criminal proceedings against PLAINTIFF and/or caused the criminal proceedings to continue against her, without probable cause to believe she had committed a crime.

66.    With malice, willfulness, and/or reckless indifference to PLAINTIFF'S rights, DEFENDANT OFFICERS created false and/or inaccurate police reports, including charging PLAINTIFF with Assault and Assault and Battery.

67.    In addition, DEFENDANT OFFICERS created false reports and/or gave false accounts regarding their investigation to other police officers and/or assistant prosecutors and/or judicial officers and/or fabricated evidence.

68.    The criminal proceedings against PLAINTIFF were terminated in her favor, in a manner indicative of innocence.

69.    As a direct and proximate result of DEFENDANT OFFICERS' malicious prosecution, PLAINTIFF suffered financial and emotional damages for having to defend herself against the false charges placed against her.

70.    In addition, pursuant to MCLA 600.2907, civil liability shall attach to DEFENDANT OFFICERS who for vexation and trouble maliciously caused and/or procured PLAINTIFF to be arrested and proceed on charges against her in which they had no probable cause to arrest or no probable cause to proceed with charges.

71.    DEFENDANT OFFICERS' actions were so egregious and so outrageous that PLANTINFF's damages were heightened and made more sever so that PLAINTIFF is entitled to treble damages.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, treble damages, together with such other relief that this Honorable Court deems just.

## COUNT VII: STATE LAW ASSAULT AND BATTERY

72.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

73.    That DEFENDANT OFFICERS, while acting within the scope of their employment, did threaten and/or cause PLAINTIFF to be threatened with involuntary, unnecessary, and excessive physical contact, namely the touching of PLAINTIFF and/or threatening of harm to PLAINTIFF as described above and said acts constituting assault and battery upon her person.

74.    That said physical contact and/or threat of contact were unnecessary and excessive; furthermore, said physical contact on PLAINTIFF was without legal justification.

75.    As a direct and proximate result of Defendants' aforementioned assault and/or battery upon PLAINTIFF and/or the failure to stop the unnecessary threat and/or use of force, PLAINTIFF suffered injuries and damages not limited to physical injuries about her body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT VIII:  STATE LAW

## FALSE ARREST/ FALSE IMPRISONMENT

76.    PLAINTIFF hereby realleges and incorporates by reference paragraphs 1-40 as if fully restated here.

77.    That DEFENDANT OFFICERS caused the arrest and/or imprisonment of PLAINTIFF without any legal justification and/or probable cause.

78.    That DEFENDANT OFFICERS caused PLAINTIFF to be held against her will and/or imprisoned without any legal justification and/or probable cause.

79.    That DEFENDANT OFFICERS restricted PLAINTIFF'S liberties against her will.

80.    That DEFENDANT OFFICERS' actions were without legal justification and/or probable cause.

81.    As a direct and proximate result of Defendants' aforementioned conduct, PLAINTIFF suffered injuries and damages not limited to physical injuries about her body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is

found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney's fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT IX: §1983 MUNICIPAL/SUPERVISORY LIABILITY

82.    PLAINTIFF hereby alleges and incorporates by reference paragraphs 1-40 as if fully restated here.

83.    DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to PLAINTIFF.

84.    These customs, policies, and/or practices included but were not limited to the following:

a.    Failing to supervise officers to prevent violations of citizens' constitutional rights;

b.    Failing to adequately train and/or supervise officers regarding the proper use of force;

c.    Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

d.    Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e.    Failing to supervise, review, and/or discipline officers whom DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

f.    Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

g.    Failing to adequately train and/or supervise officers regarding to protect detainees and/or arrestees in providing proper medical care.

85.    PLAINTIFF'S injuries in this case were proximately caused by policies and practices of DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION, which by its deliberate indifference, allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment.  In this way, DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION violated PLAINTIFF'S rights since it

created the opportunity for the individually named DEFENDANTS to commit the foregoing constitutional violations.

86.     The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the DEFENDANT CITY OF DETROIT'S police department and DEFENDANT DETROIT TRANSPORTATION CORPORATION.  This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

87.     The widespread practice described in preceding paragraphs was allowed to flourish because DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION has declined to implement sufficient hiring, training and/or and legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

88.     The policies and practices of DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION directly and proximately led to the injuries PLAINTIFF suffered at the hands of DEFENDANT OFFICERS.

89.     As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering, loss of

enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT CITY OF DETROIT and DEFENDANT DETROIT TRANSPORTATION CORPORATION, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

Respectfully submitted,

By:


/s/ Marcel S. Benavides
Marcel S. Benavides, P 69562
240 Daines St.
Birmingham, MI 48009
(313) 549-8555
benavideslaw@att.net


Dated:  May 19, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SONIA LESLIE,

      PLAINTIFF

  -vs-                               Case No.

                                         HON.

CITY OF DETROIT,
a municipal corporation,
DETROIT TRANSPORTATION CORPORATION,
a public corporation,
DETROIT TRANSIT POLICE OFFICER MICHAEL ANDERSON,
DETROIT TRANSIT POLICE OFFICER NICOLE RIDEAUX,
and other UKNOWN OFFICERS
Individually, and in their official capacities,
Jointly and Severally,

      DEFENDANTS                JURY TRIAL DEMANDED

---

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
240 Daines St.
Birmingham, MI 48009
(248) 549-8555
benavideslaw@att.net

---

## PLAINTIFF DEMANDS A TRIAL BY JURY

    **NOW COMES** the PLAINTIFF, SONIA LESLIE, by and through her attorney, MARCEL S. BENAVIDES, and demands a trial by jury in this matter.

Respectfully submitted,


By:


/s/ Marcel S. Benavides
Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
240 Daines St.
Birmingham, MI 48009
(248) 549-8555
benavideslaw@att.net


Dated: May 19, 2016